UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSHUA P. NATKIN,             Case No.: 7:21-cv-03132 (KMK) (PED)

                     Plaintiff,             **STIPULATED PROTECTIVE**
                                                   **ORDER OF CONFIDENTIALITY**
                 -against-

FIREBLAST GLOBAL, INC.,

                     Defendant.
-----------------------------------------------------------X
FIREBLAST GLOBAL, INC.,

                     Third-Party Plaintiff,

                 -against-

COUNTY OF WESTCHESTER,

                     Third-Party Defendant.
-----------------------------------------------------------X
FIREBLAST GLOBAL, INC.,

                     Second Third-Party Plaintiff,

                 -against-

CITY OF YONKERS,

                     Second Third-Party Defendant.
-----------------------------------------------------------X

      **IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:**

      Second Third-Party Plaintiff FIREBLAST GLOBAL, INC. (hereinafter referred to as "Fireblast") and Second Third-Party Defendant CITY OF YONKERS (hereinafter referred to as "Yonkers") recognize that discovery responses from Fireblast in this matter may call for or require the production of material containing information which is confidential information relating to this litigation and subject to privacy protections guaranteed by the United States and New York Constitutions, or which a party contends is confidential and proprietary business information and other commercially sensitive information in which a party has a protected proprietary and property interest. In order to preserve and maintain the confidentiality of certain

1

information produced by Fireblast or discovered in this litigation by the parties and in order to facilitate an orderly, timely and economic discovery process, the Court orders as follows:

1.     **"Confidential Material."** As used in this Protective Order, **Confidential Material** shall refer to information and **Records** of any party designated as trade secrets or confidential information. (*See, infra,* ¶ 4 (setting forth the procedure for designating confidential material)). All **Confidential Material** is the exclusive, inalienable property of the producing party.

2.     **"Records."** As used in this Protective Order, **Records** shall mean information, both discrete and cumulative, that is inscribed or otherwise recorded on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form. **Records** includes both electronic Records and printed or typewritten.

3.     **Scope.** This Protective Order shall govern **Confidential Material** produced or disclosed by the producing party in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order shall be deemed to preclude the producing party's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order, or (b) object on any ground to the admission of any **Confidential Material** into evidence at trial. Further, nothing contained in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **Confidential Material** sought.

4.     **Designation of Confidential Material.** The producing party may designate all or any portion of documents, things, and information it produces formally or informally to other parties to this litigation as **Confidential Material**. The designation of **Confidential Material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: **Confidential Material**. **Confidential Material** will be Bates stamped, if appropriate. All materials designated as **Confidential Material** shall be treated as such pursuant to the terms of this Protective Order until further order by the Court.

5.     **Inadvertent or Unintentional Production.** The inadvertent, unintentional, or in camera production of any **Confidential Material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **Confidential Material** in question. If the producing party should inadvertently produce any **Confidential Material** not responsive to a formal discovery demand and/or an order of the Court, the recipient shall immediately return the **Confidential Material**, including all copies thereof, to the producing party, and shall make no use of the **Confidential Material** for any purpose.

If information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other person otherwise would be entitled. If a claim of inadvertent production is made pursuant to this Section, with respect to information then in the custody of another party, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production

has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database.

6. **Objection to Designation.** If any party objects to the designation of any record as **Confidential Material**, that party shall promptly notify the designating party in writing within thirty (30) days receipt of the **Confidential Material**, specifying the factual and legal basis for the objection. Failure to timely object to the designation of any record as **Confidential Material** does not operate as a waiver of such objection *provided that* the objecting party demonstrates good cause for having failed to timely object. If a dispute arises that cannot be resolved by agreement, then the dispute will be submitted to the Court by the designating party via motion or letter application, as instructed by the Court. Pending such determination (or the expiration of the period in which the producing party may make a challenge to an adverse ruling), the **Records** shall be maintained as **Confidential Material**.

7. **Access to Confidential Material.** Access to **Confidential Material** shall be limited to **Authorized Persons**, solely in the performance of their duties in connection with trial preparation of this case. **Authorized Persons** are:

(a) The parties, counsel, insurers, and claims administrators for the parties to the pending civil action articulated above;

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel, insurers, or claims administrators for the parties;

(c) Outside experts and consultants retained by counsel, insurers, or claims administrators for the parties, or any experts and consultants under consideration for retention, who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms;

(d) Fact witnesses at deposition or at trial who need to refer to **Confidential Material** in their testimony, who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms; and

(e) Judge Kenneth M. Karas, Magistrate Judge Paul E. Davison, court staff and personnel (legal and administrative), judges, court reporters, videographers, all of whom may be required to consent to this Protective Order and sign the Promise of Confidentiality.

Access to **Confidential Material** shall not be given to any person or entity not specifically described above, including to members of the general public. However, nothing in this Protective Order shall prohibit the producing party from utilizing the **Confidential Material** as it deems appropriate, and any such use by the producing party shall not destroy the confidentiality of the **Confidential Material** in question.

**Authorized Persons** shall not include any organization or entity, or any representative thereof, which regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other **Records** as a service to its members, subscribers, or others.

3

Under no circumstances shall access to **Confidential Material** be granted to any employee of any competitor of the producing party, or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of the producing party regarding research, development, production, or testing of tires or, over the following two years, expects to be involved in any such employment, affiliation, or consultation.

8. **Promises of Confidentiality.** Each **Authorized Person** who receives access to any **Confidential Material** shall first be given a copy of this Protective Order and advised by the counsel making the disclosure that such person must not divulge any **Confidential Material** to any other person except in the preparation or trial of this lawsuit, and that such disclosure is limited to **Authorized Persons**. A Promise of Confidentiality is attached as Exhibit "A". This Promise of Confidentiality must be signed by each **Authorized Person** receiving any **Confidential Material** in advance of receipt. A signed copy of each such Promise of Confidentiality shall be provided to counsel of record for the producing party within ten (10) days of execution concerning **Authorized Persons** identified in sections 7(a) and 7(b) above, with the exception of insurers and claims administrators for the parties, which shall provide the signed original of each Promise of Confidentiality within thirty (30) days after the final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment). In the case of **Authorized Persons** identified in sections 7(c) and 7(d) above, a signed copy shall be maintained by counsel for the receiving party and provided to counsel for the producing party by the earlier of: (a) ten (10) days after a consulting expert is designated as a testifying expert in this lawsuit; (b) thirty (30) days after the final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment) if the consulting expert is not designated as a testifying expert; or (c) ten (10) days prior to the deposition or trial testimony of any **Authorized Persons** identified in Section 7(d) above.

9. **Storage of Confidential Material. Authorized Persons** shall maintain all **Confidential Material** in a secure location. **Confidential material** may not be entered onto any electronic storage system that does not permit documents to be deleted. Furthermore, counsel for all parties shall make every effort to avoid transmitting **Confidential Material** via e-mail or other similar media. **Authorized Persons** shall maintain a record, by Bates number designation, of the quantity of all copies or other reproductions made of each item of **Confidential Material**.

10. **Use of Confidential Material.** All **Confidential Material** shall be used for the purpose of the present, pending lawsuit only.

(a) No **Confidential Material** will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case. Further, no **Confidential Material** shall be disseminated to or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other **Records** as a service to its members, subscribers, or others, or the representative of such an organization or entity.

(b) If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any party to this Protective Order, or any **Authorized Person** defined hereunder, that party will immediately notify the producing party's

4

counsel of record, provide the producing party's counsel with a copy of the subpoena or other discovery request, and will consent to and assist in obtaining an order from the appropriate court protecting the **Confidential Material** from being disseminated outside the scope of this Protective Order.

11.  **Court Records.** In the event that any **Confidential Material** is in any way disclosed or utilized in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the **Confidential Material** shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order. Such **Confidential Material** shall not be uploaded onto the Court's electronic case file system (ECF). Such **Confidential Material** shall, however, remain available to personnel authorized by that court and to **Authorized Persons**. When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope. If any **Confidential Material** is furnished to any court by any party, a duplicate copy with the discrete **Confidential Material** deleted may be substituted in the public record, if appropriate.

12.  **Depositions.** If any **Confidential Material** is used or referred to during any deposition, counsel for the producing party may require that only its representatives, **Authorized Persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **Confidential Material**. Counsel for the producing party may also serve a copy of this Protective Order upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit "A") prior to further questioning. Counsel for the producing party may state on the record at the deposition that the deposition includes information claimed to be **Confidential Material**. Within forty-five (45) days of receipt of the completed deposition transcript, counsel for the producing party shall designate by page and line the portions for which such claim is made, and give written notice of this designation to the court reporter and all other parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. The designation shall include the style of the case and may follow the form attached as Exhibit "B". Pending such designation, the deposition and all exhibits shall be treated in its entirety as **Confidential Material**. Those portions of the deposition which are designated as **Confidential Material** shall be bound separately under seal and prominently marked "Confidential Material subject to Protective Order." The portions of each deposition so designated shall be returned to trial counsel for the producing party within thirty (30) day of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment).

Under no circumstances shall any **Confidential Material** be viewed by any deponent who is an employee of any competitor of the producing party, or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of the producing party's regarding research, development, production, or testing of tires or, over the following two years, expects to be involved in any such employment, affiliation, or consultation.

5

13.  **Evidence at Trial.** Confidential Material may be introduced into evidence at trial, if otherwise admissible, provided that the party seeking to do so shall give sufficient advance notice to the Court and to the parties to allow arrangements to be made for *in camera* treatment of the Confidential Material. In the event that a transcript of the trial is prepared, any party may request that certain portions thereof, which contain trade secrets or other Confidential Material, be filed under seal.

14.  **Inadvertent Disclosure.** Should any Confidential Material be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order; (b) shall be identified immediately to counsel of record for the producing party; and (c) shall be directed if within control of a party, or otherwise asked, to sign the Promise of Confidentiality (Exhibit "A"). At the producing party's sole discretion, such unauthorized person may be required to surrender to the producing party all copies of Confidential Material in such unauthorized person's possession. The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and for all reasonable attorneys' fees, costs, and expenses associated with enforcement of this Protective Order.

15.  **Return or Destruction of Confidential Material.** Within thirty (30) days of final termination of this action (the earlier of execution of (i) a settlement agreement or (ii) the expiration of the time to appeal a duly entered judgment), counsel of record for each party shall either, at the choice of that party and/or its counsel:

    a.  Assemble and return to counsel of record for the producing party all Confidential Material produced, including all copies, notes, summaries, renderings, photographs, recordings, electronic storage data, and reproductions of every kind of such Confidential Material. Any Confidential Material entered on a computer database or other electronic media shall also be deleted and written over or reformatted. Any direct quote from or description of Confidential Material will also be returned to counsel of record for the producing party within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment). Accompanying the return of all Confidential Material, counsel of record for each party shall provide to counsel of record for the producing party a cover letter which includes: (a) a list of the Bates numbers of all original Confidential Material being returned; (b) a detailed explanation for the failure to return any original Confidential Material that had been produced to said counsel of record; and (c) an itemization of the number of copies being returned of each item of original Confidential Material, as well as an enumeration of the total number of copies ever made of each item of original Confidential Material. Said cover letter shall not disclose the title or substance of the Confidential Material. A copy of each such letter shall be filed with the Court. All signed Promises of Confidentiality shall also be forwarded to counsel of record for the producing party as provided in Paragraph 8.

    b.  Alternatively, all Confidential Material, including all copies, notes, summaries, renderings, photographs, recordings, electronic storage data, and reproductions of every

kind of such **Confidential Material**, shall be destroyed in their entirety. Any **Confidential Material** entered on a computer database or other electronic media shall also be deleted and written over or reformatted. Following the destruction, counsel of record for each party shall provide to counsel of record for the producing party a cover letter which includes: (a) a list of the Bates numbers of all original **Confidential Material** that were destroyed; (b) a detailed explanation for the failure to destroy any original **Confidential Material** that had been produced to said counsel of record; and (c) an itemization of the number of copies that were destroyed of each item of original **Confidential Material**, as well as an enumeration of the total number of copies ever made of each item of original **Confidential Material**. Said cover letter shall not disclose the title or substance of the **Confidential Material**. A copy of each such letter shall be filed with the Court. All signed Promises of Confidentiality shall also be forwarded to counsel of record for the producing party as provided in Paragraph 8.

**THIS PROTECTIVE ORDER AGREED TO BY:**

New York, New York
February 16, 2022

**KIERNAN TREBACH LLP**

_____
Lori F. Graybow, Esq.
*Attorneys for Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff*
FIREBLAST GLOBAL, INC.
40 Exchange Place, Suite 1600
New York, New York 10005
(332) 237-7856

White Plains, New York
February 16, 2022

**BLANCHARD & WILSON**

_Dennis Lynch_
_____
Dennis E. A. Lynch, Esq.
*Attorneys for Second Third-Party Defendant*
CITY OF YONKERS
235 Main Street, Suite 330
White Plains, New York 10601
(845) 729-5744

Nanuet, New York
February 16, 2022

**SAVAD CHURGIN**

_____
Joseph A. Churgin, Esq.
*Attorneys for Second Third-Party Defendant*
CITY OF YONKERS
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954
(845) 624-3820

**IT IS SO ORDERED.**

Dated: February 16, 2022

_____

7

# EXHIBIT A
## PROMISE OF CONFIDENTIALITY

State of _____

County of _____

1. My name is _____. I live at _____. I am employed as _____ by _____.

2. I am aware that a **Protective Order of Confidentiality between FIREBLAST GLOBAL, INC. and CITY OF YONKERS, dated February \_\_\_, 2022 (the "Protective Order")** has been entered in the lawsuit pending in the United States District Court, Southern District of New York, under Case No.: 7:21-cv-03132 (KMK) (PED), and a copy of that **Protective Order of Confidentiality** has been given to me.

3. I promise that I will use the **Confidential Materials** as defined under that **Protective Order of Confidentiality** *only* in connection with assisting **counsel of record** for Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff or Second Third-Party Defendant in preparing for litigation of this matter.

4. I promise that I will not disclose or discuss such **Confidential Materials** with any person other than **counsel** of record for the parties or members of their staff who are actively engaged in the preparation of this case.

5. I promise that I will not attempt or assist in any attempt to seek permission from any other court to access the **Confidential Materials** produced in this matter for use in other litigation or for any other purpose.

6. I understand that any use of the **Confidential Materials** I obtain, in any manner contrary to the provisions of the **Protective Order of Confidentiality** or this **Promise of Confidentiality** may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

7. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the **Protective Order of Confidentiality.**

8. I understand that violating the terms of the **Protective Order of Confidentiality** or this **Promise of Confidentiality** could result in civil sanctions levied by the Court, as well as criminal penalties under state law and the federal Economic Espionage Act of 1996, 18 U.S.C. §§ 1831 *et seq.*

9. Within twenty (20) days of final termination of this action (the earlier of execution of (i) a settlement agreement or (ii) the expiration of the time to appeal a duly entered judgment), I will return to the producing party, through delivery to **counsel of record** representing Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff or Second Third-Party Defendant in

i

this case, all **Confidential Materials** or any portion or summary thereof, along with my notarized affidavit confirming the return of said **Confidential Materials** and listing the bates number of each document returned. I promise that under no circumstance will I retain any originals or duplicate of any such **Confidential Materials**. I assume all responsibility for returning the **Confidential Materials** to the producing party, as set forth herein, and I bear all risks associated with the purported loss, destruction, or inadvertent disclosure of such **Confidential Materials** that has been entrusted to my care. My failure to return all such **Confidential Materials** and/or to provide the notarized affidavit described above will be deemed a disclosure of the confidential information in violation of the **Protective Order of Confidentiality** and this Promise of Confidentiality, which may subject me to sanctions. I expressly agree to pay all reasonable attorneys' fees, costs, and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____        _____
Signature                                                          Date

## EXHIBIT B

**DEPOSITION OF** _____

**THIS** \_\_\_\_\_ **DAY OF** _____, 20\_\_

### DESIGNATION OF CONFIDENTIAL MATERIAL

Pursuant to the Court Order dated _____, the following parts of this deposition are designated as confidential:

Signed this \_\_\_\_\_ day of _____, 20\_\_\_.